UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER CURTIS WASHINGTON,

               Petitioner,               Case Number: 07-10280
                                                     Honorable David M. Lawson

v.

LINDA M. METRISH,

               Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

The petitioner, Roger Curtis Washington, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of second-degree murder following a jury trial in Washtenaw County, Michigan circuit court and subsequently sentenced to life imprisonment. The petitioner alleges that his sentence was based upon judge-found facts in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). The petitioner previously filed a habeas corpus petition challenging this second-degree murder conviction. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit so that the petitioner may seek permission to proceed.

I.

The petitioner was charged in Washtenaw County, Michigan circuit court with second-degree murder, Mich. Comp. Laws § 750.316. Following a jury trial, he was convicted as charged and sentenced, on January 20, 1998, to life imprisonment.

The petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed the conviction. *People v. Washington*, No. 210565 (Mich. Ct. App. Jan. 18, 2000). He filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Washington*, 463 Mich. 857, 617 N.W.2d 338 (2000).

The petitioner then filed a petition for a writ of habeas corpus in this Court challenging his second-degree murder conviction. The petition was assigned to the Honorable Paul D. Borman. In that petition, the petitioner argued: (1) his confession was inadmissible; (2) the prosecutor improperly commented that the petitioner exercised his right to remain silent and his right to have an attorney present during police interrogation; (3) he received ineffective assistance of counsel; (4) he was denied the right to counsel of choice; and (5) he was sentenced pursuant to incorrectly scored guidelines. The Court denied the petition, holding that the claims lacked merit and/or were procedurally defaulted. *Washington v. Burke*, No. 01-73197 (E.D. Mich. Sept. 27, 2002) (Borman, J.).

The petitioner has now filed the pending petition for a writ of habeas corpus, claiming that he is unlawfully detained because his sentenced was imposed in violation of the principles announced in *Blakely v. Washington*, 542 U.S. 296 (2004).

II.

The petitioner already has filed a petition for a writ of habeas corpus challenging the convictions challenged in the present petition. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The petitioner's prior habeas corpus petition was adjudicated on the merits. The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Ibid.*

### III.

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28 U.S.C. §2244(b)(3), and the matter must be transferred to the court of appeals.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: February 1, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2007.

                              s/Felicia M. Moses
                              FELICIA M. MOSES